**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JEFFREY SIPLER, LISA SIPLER, and
MEGAN RUANE,

      Plaintiffs,

      v.

TRANS AM TRUCKING, INC. and PAUL
C. ROBB,

      Defendants.

CIVIL ACTION NO. 3:08-cv-1611

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion for Reconsideration (Doc. 41) of this Court's order transferring the instant case to the United States District Court for the District of New Jersey (Doc. 40). For the reasons stated below, the Plaintiffs' motion to reconsider will be denied.

## BACKGROUND

Plaintiffs Jeffrey Sipler and Lisa Sipler filed their Complaint in the Court of Common Pleas for Luzerne County on August 12, 2008. On August 27, 2008, Defendants removed the case to federal court. Plaintiff Megan Ruane filed her Complaint in the Court of Common Pleas for Luzerne County on May 29, 2009. On June 5, 2009, Defendants removed the case to federal court. These actions were consolidated by this Court on July 9, 2009. (Doc. 11.)

Defendant Trans Am Trucking, Inc. ("Trans Am") is a Missouri corporation with its principal place of business located in Olathe, Kansas. (Doc. 1 at ¶ 14.) Defendant Paul C. Robb, is a resident and citizen of Ohio. (Doc. 1 at ¶ 15.) All Plaintiffs are citizens of

1

Pennsylvania. Plaintiffs allege that they were passengers on a bus when Defendant Robb, acting as an employee of Defendant Trans Am, collided with the rear of the bus. (Doc. 1 at ¶¶ 6-8.) The accident occurred in Roxbury, New Jersey. (Doc. 1 at ¶ 6.)

Defendants filed a Motion for Partial Summary Judgment on June 2, 2010. (Doc. 26.) On July 13, 2010, this Court entered an order transferring the case, *sua sponte*, to the proper venue, namely the United States District Court for the District of New Jersey. On July 27, 2010, Plaintiffs filed a Motion for Reconsideration (Doc. 41). This motion has been fully briefed and is currently ripe for disposition.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of

judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Plaintiffs do not argue that there has been a change in controlling law, or that there are newly discovered facts that were not available at the time of this Court's order of July 13, 2010. Nor do they argue that transferring venue *sua sponte* was improper. Instead, Plaintiffs argue that transferring venue would cause a manifest injustice.

Plaintiffs argue that it will be more difficult to try their case in the District of New Jersey because the parties, including Defendants, Plaintiffs' lay and expert witnesses, and the lawyers are located in the Middle District of Pennsylvania. Plaintiffs further contend that they will experience delay as the transferee court makes itself familiar with the instant suit. As a result, Plaintiffs maintain that it will be "much more difficult and expensive for the Plaintiffs to try their case." While this may be true, inconvenience and expense to do not rise to the level of manifest injustice. Plaintiffs have not made any argument that transferring this suit would cause a difficulty in trying this case that would constitute manifest injustice such that a motion for reconsideration would be warranted. As such, Plaintiffs' Motion for Reconsideration will be denied.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' motion for reconsideration (Doc. 41) of the Court's July 13, 2010 Order (Doc. 40) will be denied. An appropriate Order follows.


  September 2, 2010               /s/ A. Richard Caputo
Date                                    A. Richard Caputo
                                        United States District Judge

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JEFFREY SIPLER, LISA SIPLER, and
MEGAN RUANE,

     Plaintiffs,

        v.

TRANS AM TRUCKING, INC. and PAUL
C. ROBB,

     Defendants.

CIVIL ACTION NO. 3:08-cv-1611

(JUDGE CAPUTO)

<u>**ORDER**</u>

    **NOW**, this   2nd   day of September 2010, **IT IS HEREBY ORDERED THAT**

Plaintiffs' Motion for Reconsideration (Doc. 41) of this Court's July 13, 2010 Order is

**DENIED**.

                           /s/ A. Richard Caputo
                          A. Richard Caputo
                          United States District Judge